IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DAVID HAROLD McCALLISTER | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-10-CV-1309-D |
| LUPE VALDEZ | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by David Harold McCallister, a pretrial detainee, challenging the conditions of his confinement in the Dallas County jail. On July 2, 2010, plaintiff tendered a two-page handwritten complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories were then sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on August 4, 2010. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

As best the court can decipher his complaint and interrogatory answers, plaintiff appears to allege that he has suffered "immense psychological harm" over the past year due to loud sirens, bells, chimes, and other noises at the jail that exceed "acceptable noise levels." (*See* Mag. J. Interrog. #1(b)). Plaintiff further alleges that the food at the jail is unhealthy and does not meet daily nutritional requirements, (*id.*), and that he has been denied access to an adequate law library. (*See* Mag. J. Interrog. #6).[1] By this suit, plaintiff seeks more than $2 million in damages and injunctive relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] Plaintiff presents a laundry list of other complaints about the conditions at the Dallas County jail and the judicial system in general, including: (1) the quality of medical care received by inmates; (2) the fact that the jail has routinely failed state inspections; (3) coercive police interrogation procedures; and (4) the conviction of innocent people. (*See* Mag. J. Interrog. #2). However, none of these other allegations are supported by any facts.

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.*, *quoting* FED. R. CIV. P. 8(a)(2).

B.

The court initially observes that plaintiff has failed to state a claim for relief against Dallas County Sheriff Lupe Valdez -- the only defendant named in his complaint.[2] To state a claim against Sheriff Valdez, plaintiff must plead enough facts to show either that the sheriff: (1) affirmatively participated in acts that caused a constitutional deprivation, or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). Plaintiff does not allege that the sheriff was personally involved in any of the alleged constitutional deprivations made the basis of this suit. (*See* Mag. J. Interrog. #5). Nor does plaintiff identify a policy, custom, or practice that sanctions or condones any of the constitutional violations alleged in his complaint, other than his unsupported and implausible allegation that the sheriff has a policy "to have 4 or 5 officers [ ] beat inmates using excessive force[.]" (*See id*). Instead, plaintiff seeks to hold Sheriff Valdez personally liable for the conduct of jail officials because "she is supposed to know what her staff is doing." (*Id.*). Because there is no vicarious liability under section 1983, plaintiff has failed to state a claim for relief against

---

[2] When asked to identify other potential defendants, plaintiff responded, "all officers of the jail, all staff members on the Floor, the District Attorney's Office, the court appointed attorneys and the judges sitting on the benches who are all aware of the unconstitutional conditions to which the inmates are being subjected to, the hospital staff, nurses." (Mag. J. Interrog. #1(d)) (emphasis in original). However, the only defendant named by plaintiff is Sheriff Valdez.

this defendant. *See Mitchell v. Valdez*, No. 3-07-CV-0036-B, 2007 WL 1228061 at *2 & n.1 (N.D. Tex. Apr. 25, 2007) (supervisors not responsible for the constitutional violations of their subordinates).

C.

Even if plaintiff was given an opportunity to name additional defendants, his claims are still without merit. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute "must be more than *de minimus* [sic], but need not be significant." *Alexander v. Tippah County*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004) (citations omitted). With respect to his claim that inmates are subjected to loud sirens, bells, chimes, and other noises at the jail, plaintiff alleges only psychological harm. (*See* Mag. J. Interrog. #1(c)). Thus, plaintiff has failed to satisfy the requirements of the PLRA. *See Naasz v. Dretke*, No. 2-05-CV-0137-J, 2005 WL 1249439 at *1 (N.D. Tex. May 26, 2005), *citing Chavarria v. Stacks*, 102 Fed.Appx. 433, 2004 WL 1485076 (5th Cir. Jul. 20, 2004) (allegations of intrusive lighting and noise levels during nighttime security checks do not rise to the level of a constitutional violation).

D.

Nor has plaintiff alleged sufficient facts to establish that the food served to prisoners is unhealthy and does not meet daily nutritional requirements. Under both the Eighth and Fourteenth Amendments, inmates must be provided with "well-balanced meal[s], containing sufficient nutritional value to preserve health." *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986), *quoting Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977); *see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) ("To comply with the Constitution, inmates must receive 'reasonably adequate'

food."). According to plaintiff, the food at the Dallas County jail is prepared by outside vendors and wrapped in plastic. When the food trays are delivered to the jail, they are reheated by untrained cooks, which causes the plastic wrapping to melt onto the trays. Inmates are forced to either eat the plastic-tainted food or purchase food from the commissary at inflated prices. As for the meals served to prisoners, plaintiff alleges:

> The trays with two vegetables is often 2 portions of greenbeans, a burrito consisting of one flour tortilla, 1/2 the size of a regular tortilla with cornmeal & spice and some mashed beans with two vegetables of hominy (which has no nutritional value at all) can hardly be considered a balanced diet! Neither 2 taco's and two helpings of green beans! Taco's consisting of the same cornmeal beans & spices! In short[,] all the food is unconstitutional in its entirety and according to Mental Health Mental Retardation studies poor diet is the #1 cause of criminal mental activity!

(Mag. J. Interrog. #1(c)) (emphasis in original). Other than generalized complaints about the quality and quantity of food served at the jail, plaintiff alleges nothing to suggest that he has been deprived of a nutritionally adequate diet. Significantly, plaintiff does not allege that he lost weight or suffered other adverse physical effects which put his health at risk. His conclusory assertions that the food is unhealthy and does not meet daily nutritional requirements fail to state a claim for relief. *See Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999).

E.

Finally, plaintiff alleges that he has been denied access to an adequate law library. Such a claim must be analyzed under the more general right of access to the courts, which "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government

for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 612, 30 L.Ed.2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff*, 94 S.Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

In his interrogatory answers, plaintiff states that he cannot research the law governing his pending criminal case or challenge his pretrial detention because he does not have access to an adequate law library. (*See* Mag. J. Interrog. #6(d)). However, an inmate who is represented by counsel in an ongoing criminal proceeding has no constitutional right of access to a law library in connection with that proceeding. *See Griffin v. Valdez*, No. 3-08-CV-1237-P, 2008 WL 4491052 at *3 (N.D. Tex. Oct. 1, 2008) (citing cases). By his own admission, plaintiff has been represented by counsel throughout his criminal case. (*See* Mag. J. Interrog. #6(a), (c)). Consequently, he has failed to state a claim for denial of access to the courts.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE